UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
In re:                                      )
                                            )
DAVID W. EDWARDS,        )    Case No. 05-02168
                                            )    Chapter 7
            Debtor.                  )
_____)

### MOTION TO APPROVE COMPROMISE OF CONTROVERSY
### UNDER FED. R. BANKR. PRO. 9019

TO THE HONORABLE S. MARTIN TEEL, Jr., BANKRUPTCY JUDGE:

COMES NOW, Marc E. Albert, Chapter 7 trustee ("Trustee") of the estate of David W. Edwards ("Debtor") by and through his undersigned counsel, Stinson Morrison Hecker LLP ("SMH"), and as his motion for approval of compromise of controversy under F. R. Bankr. P. 9019 ("Motion") respectfully represents as follows:

1.      This case was commenced on October 15, 2005 when the Debtor filed his Chapter 7 petition.

2.      Marc E. Albert is the duly appointed and qualified Chapter 7 Trustee for the estate of the Debtor.

3.      In accordance with the Trustee's administration of the estate, and his efforts to make funds available to creditors of the Debtor, the Trustee has settled the following matter as set forth herein, subject to this Court's approval, and more particularly described in the settlement agreement ("Settlement Agreement"), which is attached hereto as Exhibit A.

4.      The Debtor is the sole proprietor of Edwards Consulting.

5. The Debtor listed on his bankruptcy Schedules pre-petition accounts receivable due Edwards Consulting from the D.C. Metropolitan Police Department in the amount of $45,010.00. The Debtor listed $6,000.00 of this amount as exempt on his Schedule C.

6. On March 10, 2006, the Trustee received a check for $43,680.00 from the D.C. Metropolitan Police Department. The Debtor seeks return of a portion of these funds. The Trustee rejects the asserted grounds for returning the funds to the Debtor, but does acknowledge the Debtor's $6,000.00 exempt interest.

7. There may be other pre-petition funds that are due the Trustee in the approximate amount of $10,000.00.

8. The Trustee and the Debtor wish to settle this matter, and have entered into a settlement whereby the Trustee will keep the $43,680.00, and the Debtor will waive his exempt interest in those funds. The Trustee will waive his right to any further payment of any other accounts receivable (the "Settlement").

9. It is expressly understood that the Trustee is entering into the Settlement based upon the representation that the remaining pre-petition receivable is approximately $10,000.00.

10. The Settlement is subject to the approval of this Court after notice to all creditors pursuant to Bankruptcy Rule 9019.

11. The Settlement represents a fair and reasonable compromise for the estate, and is in the best interest of the creditors of the estate.

12. Bankruptcy Rule 9019 stems from provisions of the Bankruptcy Act, specifically Section 27 of 11 U.S.C. § 50 (repealed), governing compromises made by a trustee for the benefit of the estate.

13. Those Circuit Courts of Appeal that have considered approval of a settlement over an objection have used a similar approach. The Court need not conclusively determine the issues subject to the settlement, nor find that the compromise constitutes the best result obtainable. Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir.), cert. denied 464 U.S. 822 (1983). Instead the court need only canvass the issues to determine that the settlement does not fall "below the lowest point in the range of reasonableness." Id., at 608; see also Rivercity v. Herpel (In re Jackson Brewing Co.), 624 F.2d 599, 604 (5th Cir. 1980)(applying this approach under the Bankruptcy Act). "Approval of a settlement does not depend on establishing as a matter of legal certainty that the subject claim . . . is or is not worthless or valuable." Id., at 604.

14. This Court should reach an "informed and independent" judgment as to whether the compromise is in the best interests of the estate. Martin v. Kane (In re A&C Properties), 784 F.2d 1377, 1381 (9th Cir.) cert. denied 479 U.S. 854 (1986)("[t]he law favors compromise and not litigation for its own sake").

15. An objection to a settlement should not be fatal to the settlement approval process if "it is found to be in the best interests of the estate as a whole." St. Paul Fire and Marine Insurance Company v. Vaughn (In re Vaughn), 779 F.2d 1003, 1010 (4th Cir. 1985) citing In re Flight Transp. Corp. Securities Litigation, 730 F.2d 1128, 1138 (8th Cir.) cert. denied 105 S.Ct. 1169 (1985).

16. The only reported D.C. Circuit Court of Appeals case concerning Bankruptcy Rule 9019 does not address the issue of the proper legal standard, Gordon v. Gouline, 81 F.3d 235 (D.C. Cir. 1996). However, this Court should be persuaded by the Courts of Appeal for the Second, Fourth, Fifth, Eighth, and Ninth Circuits which have adopted the above standard and the lack of any more stringent standard adopted by any other Circuit Court of Appeals.

17. In Maryland, Judge Derby, in ruling on an objection to settlement, recited four factors for a bankruptcy court to consider: "(i) the probability of ultimate success should the [issue] be litigated; (ii) the complexity, expenses, and likely duration of such litigation; (iii) the possible difficulty of collection on any judgment ultimately upheld; and (iv) all other factors relevant to a full and fair assessment of the proposed compromise." In re Bowman, 181 B.R. 836 (Bankr. D. Md. 1995). These same factors have been applied consistently by other bankruptcy courts. See e.g., In re Media Cent., Inc., 190 B.R. 316 (E.D. Tenn. 1994); Nellis v. Shugrue, 165 B.R. 115 (S.D.N.Y. 1994); In re Lawrence & Erausquin, Inc., 124 B.R. 37 (Bankr. N. D. Ohio 1990); In re Anolik, 107 B.R. 426 (D. Mass. 1989); In re Del Grosso, 106 B.R. 165 (Bankr. N.D. Ill. 1989); In re Kaiser Steel Corp., 105 B.R. 971 (D. Colo. 1989); In re Erickson, 82 B.R. 97 (D. Minn. 1987); In re Hallet, 33 B.R. 564 (Bankr. D. Me. 1983).

18. The Trustee believes that the Settlement represents a fair compromise between the Trustee and the Debtor, considering the following factors (consistent with the analysis suggested in cases cited *supra)*:

a. The Settlement avoids entirely the risk, cost and expense to the estate engendered by litigation, including expert witness fees;

b. The Settlement is a lump sum payment (and is in the Trustee's possession); and

c. The Settlement hastens the closing of the case and ultimate distribution to the creditors.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

1. approving the compromise of controversy pursuant to F. R. Bankr. P. 9019;

    and

2. granting such other and further relief as this Court may deem just,

    equitable and proper.

Dated:  March 24, 2006                                    Respectfully submitted,

                                                          /s/ Darrell W. Clark
                                                          Darrell W. Clark No. 450273
                                                          Stinson Morrison Hecker LLP
                                                          1150, 18th Street, NW
                                                          Suite 800
                                                          Washington, DC 20036
                                                          Tel.  202-785-9100
                                                          Fax (202) 785-9163
                                                          *Attorneys for Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion to Approve Compromise of Controversy under F. R. Bankr. P. 9019 and Proposed Order were sent via first class mail, postage prepaid, this the 24th day of March, 2006, to the following:

Office of the U.S. Trustee  
115 S. Union Street, Suite 210  
Alexandria, VA 22314  

Edward M. Kimmel, Esq.  
Kimmel & Roxborough, LLC  
7629 Carroll Avenue, Southern Suite  
Takoma Park, MD 20912  

                                            /s/ Darrell W. Clark  
                                            Darrell W. Clark